# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KEITH STOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-cv-0504-DGK |
| | ) |
| LAFARGE NORTH AMERICA, INC., | ) |
| JOHN HAYES, and | ) |
| SARA SMITH, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO REMAND

This lawsuit arises out of Plaintiff Keith Stoker's ("Stoker") employment with Defendant Lafarge North America, Inc. ("Lafarge"). Stoker alleges that Lafarge violated the Missouri Human Rights Act ("MHRA") by terminating him because of his age, gender, and in retaliation for reporting a racist comment made by Defendant Sara Smith ("Smith"). Stoker further alleges that Lafarge, in conjunction with Smith and Defendant John Hayes ("Hayes"), aided and abetted unlawful discrimination in violation of the MHRA, and that Smith and Hayes tortuously interfered with his valid business relationship and expectancy of employment with Lafarge.

Defendants removed this case from the Circuit Court of Jackson County, Missouri by invoking the Court's diversity jurisdiction, 28 U.S.C. §§ 1441 and 1446, and claiming Plaintiff had fraudulently joined Missouri residents Hayes and Smith to prevent removal.

Now before the Court is Plaintiff's Motion to Remand to State Court (Doc. 11). Plaintiff contends joinder is not fraudulent because he *might* be able to maintain the causes of action alleged against Hayes and Smith, which is all the law requires for remand. Finding that Plaintiff clearly cannot maintain any of his claims against either Hayes or Smith, the Court holds

Defendants have carried their substantial burden of proving fraudulent joinder. Consequently, the motion is DENIED.

## Standard of Review

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). To invoke the court's diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). However, under the "no-local defendant" rule, even where there is complete diversity, a suit cannot be removed if one of the defendants who is properly joined and served is a citizen of the state where the lawsuit was filed. 28 U.S.C. § 1441(b)(2).

"Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where "the applicable state precedent precludes the existence of a cause of action against the defendant." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* (citation omitted) (emphasis added). Thus, "'joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" *Id.* (quoting *Wiles v. Capitol Indem.*

*Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). The removing party bears the "substantial" burden of proving the alleged fraud. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

**Factual Background**

The Petition alleges the following. Plaintiff Stoker is a 49 year-old white male who is a Kansas citizen. Before he was terminated, Plaintiff worked for Defendant Lafarge, a citizen of Maryland and Virginia, at its Independence, Missouri location as a plant manager. Defendants Hayes and Smith are Missouri citizens who were individual employees of Lafarge. Smith worked as a dispatcher and Hayes worked as a territory sales manager. Smith and Hayes enjoyed a close personal relationship.

On August 25, 2010, Plaintiff overheard Smith make a racially offensive and derogatory comment. Plaintiff complained about the comment to Smith's supervisor, and the next day Lafarge fired Smith. A short time later, Plaintiff's supervisor warned him that Hayes "was out to get" Plaintiff, and that Plaintiff had "a target on his back."

On November 1, 2010, Smith, then a former Lafarge employee, sent an email to Lafarge's West U.S. Aggregates Business Unit Manager stating that Plaintiff was sleeping on the job. Smith sent the email in retaliation for Plaintiff's complaining about Smith's racially offensive language which led to her termination, and Smith was trying to get Plaintiff terminated.

On November 23, 2010, Lafarge terminated Plaintiff's employment. It subsequently replaced Plaintiff with a significantly younger female.

The Petition asserts two claims against Hayes and Smith. Count IV alleges that the conduct of Hayes, Smith, and Lafarge "was designed to aid, abet, incite, compel, or coerce the commission of acts prohibited under the Missouri Human Rights Act or to attempt to do so."

3

Doc. 1-1 at ¶ 62.  Count V alleges Hayes and Smith tortuously interfered with Plaintiff's valid business relationship and expectancy of employment with Lafarge.

It is undisputed that Hayes was a base-level sales person, not a member of management; that Hayes did not review the results of Lafarge's investigation into Smith's allegation; and that Hayes had no input in deciding whether to fire Plaintiff.  It is also uncontested that no one from Lafarge or associated with Lafarge encouraged Smith to send the email.  The parties also agree that Lafarge's stated reason for firing Plaintiff was that he was sleeping on the job, and that Plaintiff was, in fact, sleeping on the job.

Finally, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") against Lafarge and Hayes within 180 days of his termination, but Plaintiff never filed any administrative charges against Smith.

## Discussion

**I.     The Petition fails to state a colorable claim against Hayes.**

**A.  The Petition fails to state a claim of aiding or abetting against Hayes.**

The MHRA provides that "[i]t shall be an unlawful, discriminatory practice:  (1) to aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so," Mo. Rev. Stat.  Mo. Rev. Stat. § 213.070(1).  While Count IV of the Petition makes a conclusory allegation that Hayes aided and abetted unlawful retaliation against the Plaintiff, it fails to plead specific facts from which the Court can reasonably infer that Hayes did so.

Under Missouri law, a tort grounded in aiding and abetting the wrongdoing of another requires pleading and proving that the defendant affirmatively acted to aid the primary tortfeasor by giving "substantial assistance or encouragement."  *See Bradley v. Ray*, 904 S.W.2d 302, 315

4

(Mo. Ct. App. 1995) (referring to the Restatement of Torts to define what constitutes aiding and abetting, and holding that under the Restatement a defendant must give "substantial assistance or encouragement" to be liable). Although the Court assumes as true all factual allegations made in the Petition, the only allegations the Petition makes about Hayes are that (1) he had a close personal relationship with Smith; and (2) he "was out to get" the Plaintiff and put a "target" on his back because he reported Smith's racially offensive remark. While this allegation might support an inference that Hayes had knowledge that Smith was going to send the email, it is not enough to support an inference that Hayes gave "substantial assistance or encouragement" to sending the email. Accordingly, the Court holds Plaintiff has failed to plead a colorable claim that Hayes aided and abetted any retaliation prohibited by the MHRA.

### B. The Petition fails to state a claim for tortious interference with a business expectancy against Hayes.

Count V of the Petition alleges that Hayes tortuously interfered with Plaintiff's valid business relationship and expectancy of employment with Lafarge. Under Missouri law, pleading a claim of tortious interference with a contract or business expectancy requires alleging: (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. banc. 1993). As discussed above, the Petition alleges Hayes was angry and upset with Plaintiff. While this establishes that Hayes had a motive to commit a tort against the Plaintiff, it does not allege that Hayes actually did anything to induce a breach of Plaintiff's employment contract with Lafarge or otherwise intentionally interfered with Plaintiff's employment relationship. Accordingly, Plaintiff has failed to sufficiently plead the third element here. Consequently, the

5

Court finds Defendants have carried their substantial burden of demonstrating there is no reasonable basis in fact and law supporting any claim against Hayes.[1]

## II. Plaintiff cannot maintain a colorable claim against Smith.

### A. Plaintiff cannot bring an MHRA claim against Smith due to his failure to name her in his administrative complaint.

A plaintiff cannot file an MHRA lawsuit without first exhausting his administrative remedies by filing a discrimination charge with the Missouri Commission on Human Rights ("MCHR"). Mo. Rev. Stat. § 213.075(1). This charge must be filed within 180 days of the allegedly discriminatory act and must state "the name and address of the person alleged to have committed the unlawful discriminatory practice . . ." *Id.* Failure to name an individual in an administrative charge may preclude bringing a subsequent civil action against that person. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669-670 (Mo. 2009).

There is no dispute that Plaintiff failed to name Smith in his administrative complaint to the EEOC and the MCHR; the question here is whether this failure bars Plaintiff's MHRA claim against Smith. Missouri law is lenient in enforcing this pre-filing requirement. *Alhalabi v. Mo. Dept. of Natural Resources*, 300 S.W. 3d 518, 525 (Mo. Ct. App. 2009). The Supreme Court of Missouri has held that "the importance of maintaining the availability of complete redress of legitimate grievances without undue encumbrance" outweighs the interests served by the statute's procedural requirements, "especially [where] demanding full and technical compliance would" not advance the underlying purposes of the procedural requirements. *Hill*, 277 S.W.3d at 670. These purposes include giving notice to the charged party and providing an avenue for voluntary compliance without resort to litigation. *Id.* at 669. In applying *Hill*, federal district

---

[1] Additionally, as discussed below, the Court finds that communication of truthful information that Plaintiff was sleeping on the job is, as a matter of law, justifiable and not actionable.

6

courts often forgive a plaintiff's failure to name an individual defendant in an administrative charge,[2] but not always.[3] The result is determined by the specific facts of each case.

In deciding whether the failure to name an individual in an administrative charge bars a subsequent MHRA claim against that individual, this Court must consider four factors:

> 1. Whether the Complainant could have asserted the role of the unnamed party through reasonable efforts at the time of the filing of the charge;
>
> 2. Whether the interest of the unnamed party and the unnamed respondents are so similar that, for the purpose of obtaining voluntary reconciliation and compliance, including the unnamed party was unnecessary;
>
> 3. Whether the failure to include the unnamed party in the charge resulted in actual prejudice; and
>
> 4. Whether the unnamed party had somehow represented to the Complainant that its relationship with the Complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-670.

After considering the parties' arguments[4] and applying these factors to the facts of this case, the Court holds Plaintiff's MHRA claim against Smith is barred. First, Plaintiff clearly had notice of Smith's role in this matter before filing his administrative charge. He wrote in the body of his charge that Smith sent an email to Lafarge alleging that he slept on the job. Plaintiff was also aware that he had to name in his administrative charge any person alleged to have

---

[2] *See, e.g.*, *Herron v. CEVA Logistics U.S., Inc.*, No. 10-1105-CV-W-DGK (W.D. Mo., April 15, 2011); *Johansen v. Union Pac. R.R. Co.*, No. 09-1055-CV-W-REL (W.D. Mo. July 22, 2010); *Adamson v. Durham D & M, L.L.C.*, No. 09-523-CV-W-ODS (W.D. Mo., July 15, 2009).

[3] *See, e.g.*, *Borders v. Trinity Marine Prod., Inc.*, No. 1:10-CV-146-HEA, 2010 WL 5139343; *Eckerman v. KMBC-TV*, No. 08-00994-CV-W-DGK (W.D. Mo. July 17, 2009).

[4] The Court notes that while Plaintiff has recited the relevant black-letter law on this issue, he has not attempted to apply the law to the facts of this case. Except for mentioning each factor in a brief conclusory sentence (Doc. 12 at 11), Plaintiff's briefs are almost silent on the issue of whether Plaintiff's MHRA claim against Smith should be barred given the facts of this specific case.

committed an unlawful discriminatory practice, as demonstrated by the fact that he named Hayes as a respondent and listed factual allegations against him.

With respect to the second factor, the interests of Lafarge and Smith are not so similar that it was not necessary to include Smith in the MCHR proceedings. Lafarge terminated Smith prior to the events in which she allegedly violated the MHRA, and Lafarge and Smith have had no relationship since then. Thus, any voluntary conciliation or compliance agreed to in the administrative proceeding by either Smith or Lafarge would not have had any binding effect on the other. Similarly, any finding that Smith or Lafarge engaged in unlawful conduct would not impact the other party. Their dissimilarity of interests is confirmed by the fact that Smith has engaged independent counsel. While counsel for Lafarge is representing both Lafarge and Smith in the pending motion, the fact that their strategic interests are aligned in the current motion does not mean that their interests were sufficiently similarly that Smith should not have been included in the administrative proceedings.

It is less clear whether Plaintiff's failure to name Smith as an individual respondent has prejudiced her. Smith contends that had she been named as a respondent she would have hired an attorney who would have represented her interests from the beginning by immediately obtaining and preserving evidence to be used in her defense. Thus, the failure to include her in the administrative proceedings has prejudiced her. This argument is speculative though since Smith fails to identify any potential evidence that has been lost by the failure to name her in the administrative charge. There is, however, merit to Smith's claim that the failure to name her deprived her of any chance to participate in the administrative reconciliation process. This fact alone distinguishes this case from the facts in *Hill v. Ford Motor Company*. In *Hill*, the Missouri Supreme Court found that there was no prejudice to the unnamed respondent because he was still

8

employed as senior supervisor in the defendant company's human resources department, and it fell within his job description to process MHRA charges brought against the company. *Id.* at 670. Thus, it was clear he had actual notice of the allegations and was not prejudiced. *Id.* In this case, however, Smith was not employed by Lafarge when Plaintiff filed his administrative charge, and there is no evidence that Plaintiff had any notice of the MHRC charge, much less an opportunity to participate in reconciliation or fashion some sort of resolution without litigation. Accordingly, this factor weighs against the Plaintiff

Fourth and finally, Smith never indicated to the Plaintiff that she wanted Lafarge to represent her in this matter. In fact, Plaintiff acknowledges in both her administrative charge and in her Petition that Smith has no current relationship with Lafarge. Although counsel for Lafarge is representing Smith in conjunction with this motion, Smith has retained separate counsel to represent her interests alone.

Consequently, the Court holds all four factors weigh in favor of barring Plaintiff from bringing an MHRA claim against Smith.

### B. The Petition fails to state a claim against Smith for tortious interference with a business expectancy.

As discussed above, the fourth element that must be plead on a claim for tortious interference with a business expectancy is the absence of justification. *Nazeri*, 860 S.W.2d at 316. That is, the Petition must plead that Smith's intentional act, informing Lafarge that Plaintiff was sleeping on the job, was not justified. Here the Petition alleges that Smith communicated a truthful statement to her former employer which resulted in Plaintiff being terminated. But intentionally communicating truthful information to a third party that causes that party not to perform a contract or enter a business relationship is always justified and cannot form the basis for liability. *Russ v. Diddle*, No. 84-3400-CV-W-HFS, 1988 WL 15038, at *7 (W.D. Mo. Feb.

9

23, 1988) (citing § 772 of the Restatement (Second) of Torts that states a person does not interfere improperly with the other's contractual relationship by giving a third person truthful information "whether or not the information is requested").  Plaintiff does not dispute that the email Smith sent to Lafarge was truthful; in fact, Plaintiff admits that he was sleeping on the job. Consequently, because Smith's intentional act was relaying truthful information, there is no reasonable basis in law or fact to hold Smith liable for tortious interference with a business expectancy.  Thus, this portion of the Petition fails to state a claim against Smith.

## Conclusion

For the reasons discussed above, the Court holds Defendants have carried their substantial burden of proving fraudulent joinder.  Plaintiff's Motion to Remand to State Court is DENIED.

**IT IS SO ORDERED.**

Date:  February 5, 2013            /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT